UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TAYLOR GARDNER,

    Defendant.
_____/

Case No. 16-cr-20135

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING TRIAL [20]**

## I. INTRODUCTION

On March 3, 2016, a grand jury indicted Michael Taylor Gardner ("Defendant") on one count of Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a)(1). Dkt. No. 14, pp. 1–2 (Pg. ID No. 30–31). At Defendant's February 22, 2016 detention hearing, Magistrate Judge David Grand ordered that Defendant be detained pending trial. Dkt. No. 10.

In preparation for the hearing, a Pre-Trial Services officer prepared a report recommending that Defendant be detained. *Id*. In a written order entered following the hearing, Magistrate Judge Grand found, by clear and convincing evidence, that there is a serious risk that Defendant will endanger the safety of another person or the community if he is released. Dkt. No. 12, p. 3 (Pg. ID No. 25). Magistrate

-1-

Judge Grand also found that the following four factors all weighed against Defendant's release: (1) the nature and circumstances of offense; (2) the weight of the evidence; (3) Defendant's history and characteristics; and (4) the nature and seriousness of the danger to the community posed by Defendant's release. *Id.* at 4–5; 18 U.S.C. § 3142(g). The Court has also had the opportunity to review the hearing transcript of Defendant's detention hearing before Magistrate Judge Grand and evaluate the testimony of Sa'de Mullins.

Defendant has now filed a motion for bond. Dkt. No. 20. In the motion, Defendant argues that he meets the standards of the Bail Reform Act of 1984 and requirements of the Eighth Amendment of the United States to be granted reasonable bail. *Id.* at 2. On May 10, 2016, the Court conducted a de novo hearing on the Defendant's Motion for Bond Pending Trial. For all of the reasons stated below, Defendant's Motion for Bond [20] is **DENIED**.

## II. LEGAL STANDARD

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Generally, in order for a defendant to be detained, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be

ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

However, "for certain, particularly dangerous defendants," there is a rebuttable presumption in favor of detention. *Stone*, 608 F.3d at 945. The presumption of detention applies where a judicial officer finds there is probable cause to believe that a defendant committed one of the crimes listed in 18 U.S.C. § 3142(e)(3). *Id*. A grand jury's indictment is sufficient to establish probable cause that a defendant committed the crime with which he is charged. *Id*. Accordingly, the government has fulfilled its burden to establish a presumption in favor of detention when it presents an indictment including charges listed under section 3142(e)(3). *Id*.

Once the government satisfies its burden of establishing the presumption of detention, the defendant may rebut it by producing at least some evidence that "he does not pose a danger to the community or a risk of flight." *Id*. (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If the defendant satisfies his burden of production, the court still considers the presumption favoring detention among the factors to be weighed. *Id*. The other statutorily prescribed factors to be weighed are: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics

of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g).

A district court performs a *de novo* review of a magistrate's order of pretrial detention. *United States v. Williams*, 948 F. Supp. 692, 693 (E.D. Mich. 1996).

### III. DISCUSSION

In performing a *de novo* review of the evidence and legal issues relevant to Defendant's Motion, the Court will not accord deference to Magistrate Judge Grand's conclusions. *See id*. Nevertheless, Defendant has given the Court little reason to question the correctness of Magistrate Judge Grand's ruling, which found there was clear and convincing evidence that Defendant was a danger to the community. Instead of making an argument that addressed all four of the statutorily prescribed factors to be considered in determining the safety of the community, Defendant only brings up evidence relevant to one part of the third factor. *See* Dkt. No. 20, pp. 5–6 (Pg. ID No. 51–52); 18 U.S.C. § 3142(g)(3)(A). In weighing all four factors properly considered under section 3142(g), the Court finds that the evidence clearly establishes that Defendant would pose a danger to the community if released.

### A. Nature and Circumstances of the Offenses Charged

The first factor requires that the Court consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). In the present case, the offense charged is Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a)(1). Accordingly, since the alleged crime involves a minor victim and constitutes a crime of violence, the first factor weighs in favor of detention.

### B. Weight of the Evidence Against the Defendant

The second factor the Court must consider is the weight of the evidence against Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

On the issue of dangerousness, Defendant asserts that "he is not a dangerous person" because "[h]e has friends and close relatives in Detroit." Dkt. No. 20, p. 7 (Pg. ID No. 53). He presents no other evidence to rebut the presumption of the danger he may be to the community.

Here, the weight of the evidence of Defendant's dangerousness is strong. Specifically, Defendant has multiple recent felony convictions, and those prior offenses involve weapons. Defendant's pattern of criminal conduct has not only continued, but has escalated from weapons charges and robbery to the present charge of sex trafficking of a minor. Additionally, Defendant's Pretrial Services Report indicates that his previous probation was closed based on multiple violations. And notably, Defendant is alleged to have committed the instant offense only two months after being released from a one-year sentence for a felony weapons offense, demonstrating that he struggles to comply with the terms of his release after incarceration.

Also troubling are the allegations that Defendant is a member of the Vice Lords Gang, which he has previously admitted and now denies. Defendant presents himself on social media as a gang member, holding guns in photos while making gang signs. One of these photos was taken only a few months ago.

Although the Defendant's fiancée is willing to testify on his behalf regarding her experience over the six to seven months that she has known him, the gravity of the instant charges, including the threat Defendant poses to minors, his continuous pattern of criminal conduct, and the evidence of his weapon possession, demonstrate that Defendant presents a significant danger to the community if he is not detained. Thus, the second factor also weighs in favor of pretrial detention.

**C. Defendant's History and Character**

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Defendant spends much of his brief in support of the Motion addressing this factor. The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Defendant argues that "(a) [his] physical and mental condition do not seem to be at all impaired; (b) he has significant ties in this district; (c) he has a history of employment; (d) his grandmother and aunt reside in Detroit; (e) he has no recent history of drug use or abuse; (g) [sic] he has no history of shirking the responsibility of appearing in court." Dkt. No. 20, pp. 5–6 (Pg. ID No. 51–52).

Notably omitted from Defendant's argument are references to his character, past conduct, and criminal history. The evidence provided to the Court establishes that Defendant, at only 20 years of age, has been convicted of several violent

-7-

felonies. In 2013, Defendant was convicted of felony robbery. Although Defendant was given the opportunity to keep his record clean under the Holmes Youthful Trainee Act for this offense, his choice to violate his probation multiple times resulted in him being sentenced to 45 days imprisonment. After his release, Defendant continued to engage in criminal conduct, including being sentenced to jail for a felony weapons conviction in March 2015. Shortly after Defendant was released for this offense, the conduct giving rise to the present offense took place. Defendant's numerous recent convictions for violent felonies illustrate not only to his criminal history, but also to his unwillingness to follow the conditions of his probation and refrain from engaging in further criminal conduct.

Additionally, Defendant is either a member of a violent gang, or promotes the image that he is a gang member. Defendant has a Vice Lords tattoo and has twice admitted to being a member of the Vice Lords, although he presently denies this admission. Defendant has also represented himself to be a Vice Lord gang member by taking and posting numerous photographs holding firearms and displaying gang symbols on social media. A recent one of these photographs was taken only a few months ago. Furthermore, Defendant boasted on Instagram of being listed as a fugitive on the Crime Stoppers website, where he listed as wanted for Assault with Intent to do Great Bodily Harm and a felony firearms charge on February 23, 2015.

Based on the totality of this record, Defendant's history and characteristics suggest that he is a dangerous person who should not be released prior to trial.

### D. Nature and Seriousness of the Danger to Any Person Or the Community Posed By Defendant's Release

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4). For all of the reasons explained above, this factor weighs heavily in favor of a finding that Defendant poses a danger and should be detained.

### IV. CONCLUSION

The Court finds, by clear and convincing evidence, that there is not any condition or set of conditions of release that can adequately protect the community from the danger posed by Defendant. Defendant has a well-documented history of failing to comply with the most basic condition of probation—that he not commit any additional crimes—and the Court has found that each of the four section 3142(g) factors weighs in favor of pretrial detention.

Accordingly, for the reasons stated above, Defendant's Motion for Bond Pending Trial [20] is **DENIED**.

IT IS SO ORDERED.

Dated: May 11, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge