UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TAYLOR GARDNER,

    Defendant.

_____/

Case No. 16-cr-20135

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING GOVERNMENT'S MOTION TO DISQUALIFY DEFENDANT'S COUNSEL [44]**

On July 1, 2016, the Government filed a Motion to Disqualify Defendant's Counsel. *See* Dkt. No. 44. Defendant filed his response, asserting his waiver of any conflict, on that same day. *See* Dkt. No. 45. A hearing was held initially on the matter on June 30, 2016, and the Court rendered its judgment from the bench at an evidentiary hearing on July 5, 2016.

In its motion, the Government requested that the Court disqualify the Defendant's present attorney due to an actual or serious potential conflict of interest created by the attorney's prior representation of a potential Government witness at the Defendant's trial. Dkt. No. 44, p. 1 (Pg. ID No. 305). Defendant proffered a waiver of this conflict; however, there are no facts that indicate that the former client has waived this conflict. *See id.*

-1-

-2-

"The District Court must recognize a presumption in favor of petitioner's counsel of choice," which "may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat v. United States*, 486 U.S. 153, 164 (1988). A defendant's waiver of conflict must be "knowing, intelligent, and voluntary," and should not lead to inadequate representation of the defendant. *See United States v. Collins*, 434 F. App'x 434, 441 (6th Cir. 2011). Whether to disqualify counsel is an issue within a district court's discretion. *See Price v. Jefferson Cty. Kentucky*, 9 F. App'x 369, 370 (6th Cir. 2001) ("Similarly, this court reviews a district court order denying a motion to disqualify counsel only for an abuse of discretion.").

In the present case, the Court has found that Gardner has offered a knowing, intelligent, and voluntary waiver to any potential conflict. Defendant's counsel has at all points in this proceeding represented his client adequately. Although Defendant's counsel briefly represented the potential witness for the purposes of sentencing, he terminated that representation when the former client indicated he was willing to give testimony against Gardner. It does not appear that there has been either an actual conflict, and the Government shown not a serious potential for conflict to arise in the future.

-3-

Accordingly, for the reasons stated above, as well as those stated on the record at the hearing on July 5, 2016, the Government's Motion to Disqualify Counsel [44] is **DENIED**.

IT IS SO ORDERED.

Dated: July 13, 2016                    s/Gershwin A. Drain
                                                                         GERSHWIN A. DRAIN
                                                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **July 13, 2016.**

                                        s/Shawna Burns on behalf of Tanya R. Bankston
                                        TANYA R.BANKSTON
                                        Case Manager & Deputy Clerk