UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                            Case No. 16-20135
                                            HON. GERSHWIN A. DRAIN

v.

MICHAEL TAYLOR GARDNER,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* [#30]

**I.    INTRODUCTION**

On May 31, 2016, the grand jury returned a First Superseding Indictment against Defendant Michael Taylor Gardner charging him with sex trafficking of children in violation of 18 U.S.C. § 1591(a)(1) and production of child pornography in violation of 18 U.S.C. § 2251(a). Presently before the Court is Defendant's Motion *in Limine*, filed on May 26, 2016. Defendant requests that the Court preclude the Government from introducing any evidence at trial that Defendant is or was a member of the Vice Lords gang. The Government filed a Response in Opposition on June 15,

2016. Upon review of the parties' briefing, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the instant motion on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will deny Defendant's Motion *in Limine*.

## II.   FACTUAL BACKGROUND

According to the Government, in the summer of 2015, Minor Victim One ("MV-1") was in a relationship with Defendant. She was seventeen (17) years old at the time. She knew that Defendant was a member of the Vice Lords gang, a criminal enterprise under federal investigation and indictment in the Eastern District of Michigan. MV-1 claims that she knew Defendant was a member of the Vice Lords because he has Vice Lords tattoos, regularly associated with other Vice Lords, and Defendant represented himself as a Vice Lord on his social media accounts, including Facebook, where he posed with firearms and made gang signs with his hands. Defendant denies that he is currently a member of the Vice Lords and claims that he quit any association with the gang before any facts relevant to this action occurred.

The Government maintains that, in August of 2015, Defendant wanted MV-1 to perform commercial sex dates to earn money. Defendant used violence against MV-1 when she protested and so she agreed to perform commercial sex dates. From August to October of 2015, Defendant arranged prostitution dates for MV-1.

Defendant created advertisements for MV-1 on the website Backpage.com. Defendant handled the money that MV-1 earned from her dates. He took photographs of MV-1 that were used in the ads. MV-1 usually performed commercial sex dates in hotel rooms rented by her customers. Defendant arranged transportation and traveled with MV-1 to the hotels, and he waited outside while she performed dates. Defendant denies coercing MV-1 to perform commercial sex acts and claims that she acted on her own. He maintains he and MV-1 were friends and she would split her earnings with him.

The Government further alleges that shortly after October 10, 2015, Defendant convinced MV-1 to leave Michigan and go to Kentucky with him to live with his mother. Once in Kentucky, Defendant continued to be physically violent with MV-1, even though she was pregnant. After several days, MV-1 decided to leave Kentucky.

At trial, the Government expects that witnesses, including MV-1, may testify about Defendant's membership in the Vice Lords gang and that she was fearful of Defendant because of his affiliation with the Vice Lords.

### III.  LAW & ANALYSIS

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material

fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Rule 403 allows the admission of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Unfair prejudice results when a piece of evidence "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Defendant argues that whether he is or was a member of the Vice Lords is not relevant to his guilt or innocence for the crime charged in the Superseding Indictment. He further asserts that even if this evidence were relevant, it is overwhelmingly inflammatory and its probative value is outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

Defendant cites to *United States v. Wesley*, 409 F.3d 315 (6th Cir. 2005), in support of his argument that evidence of his gang membership, even if probative would be substantially outweighed by the danger of unfair prejudice. In *Wesley*, the defendant was convicted of attempted bank robbery. *Id.* at 317. On appeal, the defendant argued that the trial court erred in admitting a videotape of his statements made to an informant while the two were "casing" the bank. *Id.* at 320, 324. In the

videotape, Defendant explained the suitability of adding someone to join them in the robbery by comparing this individual with someone else he had served prison time with. *Id.* Even though the Sixth Circuit agreed with the trial court that the statements were relevant to show the defendant's intent, it concluded the reference to the defendant's prior incarceration "presents a classic danger of unfair prejudice–that the jury may decide guilt based on the fact that the defendant has a prior conviction." *Id.* at 324.

Similarly, in *United States v. Jenkins*, the defendant was convicted of possession with intent to distribute marijuana, cocaine and cocaine base and argued on appeal that the trial court erred in admitting evidence of an eight year old conviction for possession with intent to distribute marijuana. 593 F.3d 480, 485 (6th Cir. 2010). The Sixth Circuit agreed with the defendant that admission of the "other acts" evidence was unfairly prejudicial. *Id.* at 485-86. The Sixth Circuit reached this conclusion in part because of the "ample evidence" the government had against the defendant. *Id*. at 482, 486 ("One factor in balancing unfair prejudice against probative value under Rule 403 is the availability of other means of proof.").

The *Jenkins* court also relied on the fact that a prior conviction for the same conduct for which a defendant is currently on trial is highly likely to unfairly prejudice the jury. *Id.* at 486 ("When jurors hear that a defendant has on earlier occasions

committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact."); *see also United States v. Haywood*, 280 F.3d 715, 720-25 (6th Cir. 2002) (concluding that the district court committed reversible error by admitting defendant's crack cocaine possession under Rule 404(b) because the evidence was not probative of intent and even if probative, the evidence was not substantially outweighed by its potential prejudice).

The cases relied on by Defendant-*Wesley*, *Jenkins*, and *Haywood* are distinguishable from the present matter. In those cases, the government sought to introduce prior acts evidence such as arrests and incarceration for impermissible purposes. Here, Defendant's membership in the Vice Lords is relevant to Count I of the First Superseding Indictment, or whether Defendant used force and coercion to cause MV-1 to engage in commercial sex acts.

To establish a violation of 18 U.S.C. § 1591, where a defendant used force, fraud, or coercion, the Government must prove three elements beyond a reasonable doubt: (1) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means the victim; (2) the defendant knew that force, fraud, or coercion would be used to cause the person to engage in a commercial sex act; and (3) the offense affected interstate or foreign commerce.

The Government alleges that Defendant used both force and coercion to cause

MV-1 to engage in commercial sex acts. Coercion is defined in the statute as "(A) threats of harm or physical restraint against any person; or (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform any act would result in serious harm to or physical restraint against any person." 18 U.S.C. § 1591(e)(2). "Serious harm" is "any harm . . . that is sufficiently serious, under all of the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity to avoid incurring that harm." 18 U.S.C. § 1591(e)(4).

Defendant's affiliation with the Vice Lords is relevant to determining whether MV-1 "believed that failure to perform any act would result in serious harm." 18 U.S.C. § 1591(e)(2). MV-1 is expected to testify that she was familiar with Defendant's social media posts, including pictures of Defendant posing with firearms and making gang signs and with other gang members. The jury will need to evaluate whether "under all of the surrounding circumstances" a reasonable person of the same background as MV-1 would continue to engage in commercial sex acts to avoid serious harm. As such, unlike the circumstances in *Wesley*, *Jenkins* and *Haywood*, evidence of Defendant's gang membership is directly relevant to the offense for which he is charged.

Defendant also argues that even if relevant, the probative value of evidence

concerning his gang membership is far outweighed by the danger of unfair prejudice. Gang affiliation is "inadmissible if there is no connection between the gang evidence and the charged offense . . . ." *United States v. Anderson*, 333 F. App'x 17, 24 (6th Cir. 2009). However, here Defendant's affiliation with the Vice Lords is connected to the charged offense of child sex trafficking by coercion. The Government has indicated that it only intends to elicit testimony regarding Defendant's gang membership that is temporally connected to the sex trafficking charge in the indictment and related to the climate of fear that Defendant used to compel MV-1 to engage in commercial sex acts. As such, MV-1 should be allowed to testify about her knowledge concerning Defendant's gang affiliation, and confirm that she observed pictures on his social media accounts.

However, some of the pictures do not appear to be temporally connected to the charged offense which occurred between August and October of 2015. For instance, Defendant attaches pictures identified as Exhibit 1 to his present motion that were taken in 2013 and 2014. Such photographs seem temporally attenuated from the time frame set forth in the Indictment. Additionally, it is not entirely clear when some of the other photographs were taken. As such, MV-1 will have to testify that she indeed observed the photographs in order for their admission as introducing photographs she was unaware of will not provide the jury with an accurate portrayal of all of the

surrounding circumstances.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion *in Limine* [#30] is DENIED.

SO ORDERED.

Dated: September 21, 2016          /s/Gershwin A. Drain
                                   GERSHWIN A. DRAIN
                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 21, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk