UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL TAYLOR GARDNER,

    Defendant.
_____/

Case No. 16-cr-20135

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL [81]**

**I. INTRODUCTION**

On October 13, 2016, a jury found Michael Taylor Gardner ("Defendant") guilty of sex trafficking of a minor; sex trafficking using force, fraud, coercion, or any combination of such means; and production of child pornography. *See* Dkt. No. 77. Defendant filed a Motion for a New Trial on November 2, 2016. Dkt. No. 81.

This motion is fully briefed. The Court originally scheduled a hearing on Defendant's pending motion. After reviewing the parties' submissions, the Court concludes that a hearing is not necessary and that the Motion for New Trial can be properly decided on the papers. *See* Local Rule 7.1(f)(2).

For the reasons stated below, Defendant's Motion for a New Trial is **DENIED**.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33 provides that a court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "The decision to grant or deny a motion for new trial rests within the district court's sound discretion." *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991). "The defendant bears the burden of proving the need for a new trial and such motions should be granted sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993).

## III. DISCUSSION

In his motion, Defendant argues that the Court decided the Motion to Suppress and Motions in Limine incorrectly, but has chosen to reserve arguments on these motions for appeal. Dkt. No. 81, p. 2 (Pg. ID No. 721). As to issues that arose during the course of the trial, Defendant makes two arguments for why a new trial is necessary. First, Defendant argues that the Court's decision that neither party could engage in recross examination infringed on his rights under the Confrontation Clause. Second, Defendant asserts that the Court erred in allowing rebuttal testimony of Orin King and denying Defendant surrebuttal. For the reasons discussed below, the Court will **DENY** Defendant's Motion.

### A. Denial of Opportunity to Recross Examine Witnesses

First, Defendant asserts that the Court's refusal to allow either party to recross examine witnesses violated his Sixth Amendment rights. Dkt. No. 81, pp. 4–8 (Pg. ID No. 723–27). Defendant does not specify what new information the Government elicited on redirect from any witnesses that necessitated recross-examination.

"Cross-examination of a witness is a matter of right." *Alford v. United States*, 282 U.S. 687, 691 (1931). However, this right is not absolute. *United States v. Beverly*, 369 F.3d 516, 535 (6th Cir. 2004). The Sixth Circuit vests the district court with broad discretion regarding the scope of cross-examination. *Id*. "Trial judges retain wide latitude 'to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.' " *United States v. Blakeney*, 942 F.2d 1001, 1022 (6th Cir. 1991) (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)). Accordingly, the Sixth Amendment does not grant a criminal defendant absolute control over cross-examination. *Dorsey v. Parke*, 872 F.2d 163, 166 (6th Cir. 1989).

The Sixth Circuit has "permitted district courts to curtail or even to deny recross-examination if the government elicits no new matters on redirect examination." *United States v. Payne*, 437 F.3d 540, 548 (6th Cir. 2006); *see also*

*United States v. Odom*, 13 F.3d 949, 957 (6th Cir. 1994) (finding a trial court's limitation on recross-examination was not an abuse of discretion); *United States v. Dabelko*, 952 F.2d 404 (6th Cir. 1992) (finding defendants' substantial rights were not affected by the denial of the opportunity for recross-examination).

In the present case, Defendant has not pointed to a single instance where the Government elicited new information on redirect. Further, he has not identified any line of questioning that was necessary for him to conduct on recross-examination, in response to what the Government elicited on redirect. Accordingly, denial of the opportunity to recross examine a witness was harmless in the absence of any new information elicited on redirect. *See, e.g.*, *United States v. Quiel*, 595 F. App'x 692, 695 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 2336 (2015) (finding a blanket ban on recross examination did not violate defendants' constitutional right to recross a witness regarding new exhibits admitted on redirect, because the exhibits were not "new matter").

Defendant was granted ample leeway in his cross-examination of the Government's witnesses, which he utilized. Although Defendant may have wished to further cross-examine MV-1 regarding her history of prostitution to prove her willingness to engage in other sexual behavior, the Federal Rules of Evidence and Sixth Circuit precedent prohibit such a line of questioning. FED. R. EVID. 412; *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015), *cert. denied*, (2016)

(holding that a victim's prior acts of prostitution were irrelevant to whether the defendant forced her into prostitution). Had Defendant wished to further question MV-1 on matters other than her prior sexual conduct, he had the opportunity to call her in his case.

Thus, the Court does not find that this ground raises an issue that requires a new trial in the interest of justice.

### B. Allowance of Rebuttal Witness and Denial of Opportunity for Surrebuttal

Defendant's second argument asserts that the Court erred in excluding Defendant's proposed surrebuttal to the rebuttal testimony of the Government's witness, Orin King. Dkt. No. 81, p. 10 (Pg. ID No. 729).

The Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." U.S. Const. amend. VI; *see also Crawford v. Washington*, 541 U.S. 36, 42 (2004). Although "the Confrontation Clause guarantees an opportunity for effective cross-examination," it does not grant a right to "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Van Arsdall*, 475 U.S. at 679 (internal quotation omitted). "Trial judges retain wide latitude to impose reasonable limits on interrogation that is repetitive or only marginally relevant." *United States v. Callahan*, 801 F.3d 606, 623 (6th Cir. 2015), *cert. denied sub nom. Hunt v. United*

*States*, 136 S. Ct. 1477 (2016) (quoting *United States v. Obiukwu*, 17 F.3d 816, 821 (6th Cir. 1994)).

Surrebuttal is merited where "(1) the government's rebuttal testimony raises a new issue, which broadens the scope of the government's case, and (2) the defense's proffered surrebuttal testimony is not tangential, but capable of discrediting the essence of the government's rebuttal testimony." *United States v. Turner*, 1 F.3d 1243, 1993 WL 300562 at *4 (6th Cir. 1993) (unpublished) (citing *United States v. Moody*, 903 F.2d 321, 331 (5th Cir. 1990); *United States v. King*, 879 F.2d 137, 138 (4th Cir.), *cert. denied*, 493 U.S. 900 (1989)).

During the trial, Defendant testified about several issues, challenging the testimony of the Government's witnesses. Defendant testified that Mike Glenn's testimony that Defendant had offered to pay Glenn to drive MV-1 to the hotel was untrue. Defendant further testified that both Glenn's and Larissa LaMay's testimonies that Defendant had told police officers his cell phone was in Glenn's car was untrue. Defendant also testified that MV-1's testimony that Defendant had created commercial sex dates for her, transported her to those dates, and was violent with her was untrue. Finally, Defendant testified that MV-1's testimony that she was the female in the pornographic video on Defendant's cell phone was untrue.

Orin King testified admissions allegedly made by Defendant to King while the two were incarcerated together. These admissions directly contradicted specific facts in Defendant's testimony, but did not introduce new matters not previously discussed. Prior to the start of trial, Defendant was aware that King was a possible witness, disclosed on the Government's witness list that included a synopsis of King's testimony. Defense counsel cross-examined King, including questions about his motivation for testifying and the discrepancy in King's stated timeline of concurrent incarceration with Defendant. Defendant then sought to call himself as a surrebuttal witness to rebut King's testimony. The Court denied Defendant's request for surrebuttal.

The substance of King's rebuttal testimony did not introduce new matters. King's testimony consisted solely of statements that Defendant allegedly made to King. Defense counsel's cross-examination of King provided the jury with sufficient information to assess the defense's theory, placing "before the jury facts from which bias, prejudice or lack of credibility of a prosecution witness might be inferred." *Dorsey v. Parke*, 872 F.2d 163, 167 (6th Cir. 1989). The jury was privy to information about why King was motivated to testify: a possible sentence reduction.

Defendant has not provided the Court with any new issues that King introduced on rebuttal, nor has Defendant alleged any facts he would have testified

to that would have "discredited the essence" of King's rebuttal testimony. Defendant's proposed surrebuttal to King's testimony appears to be what he testified to at length earlier in the trial: that the Government's witnesses were being untruthful about Defendant's knowledge and arrangement of MV-1's commercial sex dates. Such repetition would not have added anything of substance to the case, as the jury already heard Defendant testify to such matters earlier, and this testimony would have been cumulative. Thus, under Sixth Circuit precedent, surrebuttal was not merited. *See Turner*, 1 F.3d at *4; *see also Gray v. Wolfenbarger*, 501 F. App'x 427, 429–30 (6th Cir. 2012) (affirming denial of habeas petition where the Michigan Court of Appeals held that the trial court's denial of petitioner's request to present surrebuttal did not implicate his constitutional right to testify); *United States v. Askanazi*, 14 F. App'x 538, 540 (6th Cir. 2001) (finding it was not an error for the trial court to allow a government rebuttal witness to testify without an opportunity for the defendant to present surrebuttal).

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that Defendant's Motion for a New Trial [81] is **DENIED.**

IT IS SO ORDERED.

-9-

Dated: December 13, 2016 /s/Gershwin A Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge